Irving H. Saypol, J.
Plaintiff moves for summary judgment. It asserts two causes of action based upon a promissory note. The plaintiff association is an organization of licensed marine engineers employed aboard American flag vessels. A prerequisite to supplying this labor is the need for assurance to the plaintiff that there is ground to believe that the men will be paid their wages at the termination of their voyage or that their families and dependents will receive required allotments during the voyage necessary to support and maintain themselves. The defendant, signatory to a collective bargaining agreement with the plaintiff, was the owner of two steamships. The members of the plaintiff association refused to sign foreign articles because of their belief that wages and allotments would not be paid. The obligation in suit arose to assure and guarantee the payment of wages and allotments. Accordingly, a note was made by the defendant corporation and indorsed by the individual defendants as follows: ‘ ‘ On demand, we promise to pay to the order of marine engineers beneficial association in behalf of licensed engineers aboard the s/s valiant hope and s/s valiant force, the sum of eighteen thousand dollars ($18,000.00), payable at the office of Lee Pressman, 50 Broadway, New York City. This note is subject to escrow instructions to Lee Pressman, attorney dated January 4, 1960.” The escrow instruction referred to is in part as follows: “ It is understood that you are to hold said note in escrow and to be demanded upon in the event the allotments for the engineers on board the s/s valiant hope and valiant force has not been paid in connection with their present voyage. The valiant hope is destined to Pakistan and the valiant force to Indonesia. In the event you make such demand and receive said funds you are to allocate monies due to the engineers and the balance returned to Ocean Carriers Corporation. In the event the allotments have been paid without the necessity of presenting the enclosed note for payment, then you are to return the said promissory note to Ocean Carriers Corporation. ’ ’
In a first cause of action, plaintiff alleges the making and delivery of the note, refusal of payment upon demand and due performance of the conditions of the agreement on plaintiff’s part. It is further alleged that the note was given in consideration of supplying the defendants with licensed marine engineer members. In a second cause of action, plaintiff realleges the making and delivery of the note, the consideration therefor and *145 that before delivery the individual defendants duly indorsed the note. It is further alleged that on or about February 5,1960 the note was duly presented for payment. Payment was demanded and refused and the defendants were given due notice thereof.
The sole defense is that while demand for payment was made on February 1, 1960 notice of dishonor was given on February 8,1960. The defense might "well raise a triable issue if the note in suit were a negotiable instrument. However, the note is not an unconditional promise or order to pay a sum certain. But plaintiff is not entitled to demand and to receive payment necessarily in the face amount of the note, since pursuant to it and the escrow arrangement the instrument was given to guarantee payment on behalf of the licensed engineers aboard the two steamships in question. Accordingly, the motion is granted directing an assessment of damage. Settle order.